UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PAOLA GUEVARA, Minor, by her parents and next friends, MARIA GUADALUPE SALDANA, and VALENTIN GUEVARA, GUADALUPE SALDANA, Individually, and VALENTIN GUEVARA, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA; <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO: 14-CV-151 <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

NOW COME the Plaintiffs, PAOLA GUEVARA, a minor, by her parents and next friends, MARIA GAUDALUPE SALDANA and VALENTIN GUEVARA, MARIA GUADALUPE SALDANA, Individually, and VALENTIN GUEVARA, Individually (collectively "Plaintiffs"); by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of the Defendant, UNITED STATES OF AMERICA ("USA"), state as follows:

### JURISDICTION AND VENUE

1. This action arises under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §2671 *et seq*.

2. The Plaintiffs have complied with Section 2675(a) of the FTCA, and have exhausted their administrative remedies before filing this suit.

1

3. On June 28, 2013, Plaintiffs filed an administrative claim with the United States Department of Health and Human Services ("HHS") for the failure to identify and treat meningitis in Paola Guevara. (See July 3, 2013 Letter; attached as Exhibit "A.")

4. On December 28, 2013, the six month statutory period expired and Plaintiffs' claim was not reviewed during that time, and thus it may be treated as denied by HHS.

5. Plaintiffs have elected to file suit against USA in the United States District Court for the Northern District of Illinois, pursuant to 28 U.S.C. §2401(b).

6. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1346(b), in which the District Court shall have exclusive jurisdiction of civil action on claims against the United States for money damages for personal injury by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the laws of the State of Illinois.

7. Venue is proper under 28 U.S.C. §1402 because all of the acts and omissions forming the basis of this claim occurred in the Northern District of Illinois.

8. On or about September 8, 2011, and at all times material, Access was a healthcare facility located in Chicago, Cook County, Illinois, receiving grant money from the United States Public Healthcare Service, pursuant to 42 U.S.C. §233, as well as being the employer of various physicians, nurses and healthcare workers.

9. On or about September 8, 2011, and at all times material, Pamela L. Roper, M.D. ("Dr. Roper") was an agent, servant, and/or employee of Access and USA.

10. Defendant, USA, has been deemed the employer of Dr. Roper and Access Community Health Network, pursuant to 42 U.S.C. §233, for FTCA purposes only. (See affidavit of Meredith Torres; attached as Exhibit "B.")

2

## COUNT I:
### (Medical Negligence)

11. On or about September 8, 2011, and at all times material, Access was an Illinois Corporation doing business as a provider of medical services in the State of Illinois, County of Cook, and was licensed by the State of Illinois.

12. On or about September 8, 2011, and at all times material, Dr. Roper was a physician licensed to practice medicine in the State of Illinois.

13. On or about September 8, 2011, and at all times material, Access held itself out to the public generally as a provider of medical services.

14. On or about September 8, 2011, and at all times material, USA undertook to employ Dr. Roper for the purpose of providing medical services to individuals like Paola Guevara at Access.

15. On or about September 8, 2011, and at all times material Dr. Roper was a member of the staff at Access.

16. On or about September 8, 2011, Paola Guevara, a minor and 15 days old, presented to Dr. Roper with a history of fever.

17. On or about September 8, 2011, Dr. Roper performed a well-child examination.

18. Paola Guevara's temperature was taken in the office, with a reading of 96.6 in the ear, indicative of hypothermia.

19. Despite the fact that she was taken to Dr. Roper for a fever and then presented a below normal temperature at the office, Dr. Roper sent Paola Guevara home.

20. On September 8, 2011, and at all times material, Dr. Roper, had the duty to possess and apply the knowledge and skill that a reasonably careful physician would exercise in the same or similar circumstances.

3

21. Defendant, USA, by and through its employees and agents, Dr. Roper and Access, breached its duties and was negligent in one or more of the following respects:

(a) failed to identify and react appropriately to signs and symptoms of infection and developing sepsis; and/or

(b) failed to timely order appropriate testing given the signs and symptoms of infection;

22. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the Defendant, USA, there was a significant delay in the diagnosis and treatment of meningitis, causing Paola Guevara to suffer personal, pecuniary and permanent injuries.

23. Plaintiff attaches an Attorney's Affidavit and Certificate of Merit in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes. (See Group Exhibit "C").

WHEREFORE, the Plaintiffs, PAOLA GUEVARA, minor, by her parents and next friends, MARIA GAUDALUPE SALDANA and VALENTIN GUEVARA; MARIA GUADALUPE SALDANA, Individually; and VALENTIN GUEVARA, Individually; demand judgment against Defendant, UNITED STATES OF AMERICA.

## COUNT II:
### (Family Expense Act)

NOW COME the Plaintiffs, MARIA GUADALUPE SALDANA, Individually; and VALENTIN GUEVARA, Individually; by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of the Defendant, UNITED STATES OF AMERICA, state as follows:

1-22. Plaintiffs re-allege and incorporate as though fully set forth herein paragraphs 1 through 22, including all subparagraphs, of this Complaint, as and for paragraphs 1 through 22 of Count II.

23. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of USA, the Plaintiffs, Maria Guadalupe Saldana and Valentin Guevara, as the parents of the minor Plaintiff, Paola Guevara, incurred and in the future will incur obligations for substantial sums of money for hospital, medical, nursing and other medical and family expenses of the minor Plaintiff, pursuant to the Illinois Family Expense Act, 750 ILCS 65/14.

24. The Plaintiffs attach affidavits and reports in compliance with 735 ILCS 5/2-622 of the Illinois Compiled Statutes. (See Group Exhibit "C").

WHEREFORE, the Plaintiffs, MARIA GUADALUPE SALDANA, Individually; and VALENTIN GUEVARA, Individually; demand judgment against Defendant, UNITED STATES OF AMERICA.

SALVI, SCHOSTOK & PRITCHARD P.C.

By: /s/ Matthew L. Williams
Attorney for Plaintiffs

MATTHEW L. WILLIAMS (ARDC#6256858)
Salvi, Schostok & Pritchard P.C.
218 N. Martin Luther King Jr. Avenue
Waukegan, IL 60085
847.249.1227
mwilliams@salvilaw.com